■ MARY FELTER, Respondent, v. 217 CENTRE CORP. et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Rockland County, dated July 10, 1969, which denied their motion to dismiss the action for failure to serve a complaint (CPLR 3012, subd. [b]). Order reversed, without costs, and motion granted. The motion to dismiss the action was made after close to three years had elapsed since a demand was made for service of a copy of the complaint. The complaint was served after the motion was made. No acceptable justification has been offered for such an inordinate delay. Accordingly, we think that it was an improvident exercise of discretion for the Special Term to deny the motion (*Kroner* v. *Flora,* 35 A D 2d 835; *Welsh* v. *Kaskell,* 33 A D 2d 803; *Kushniruk* v. *Gorczyca,* 25 A D 2d 615). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ In the Matter of 49 TOMPKINS REST. INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated December 10, 1971, which canceled petitioner's special on-premises liquor license and made demand upon its $1,000 bond. Petition granted to the extent of modifying the determination, on the law, (1) by striking therefrom the demand on petitioner's $1,000 bond and (2) by striking therefrom the provisions which canceled and directed surrender of petitioner's license and substituting therefor a provision suspending petitioner's license for a period of 60 days. As so modified, determination confirmed, without costs. In our opinion, there was substantial evidence in the record to sustain respondent's findings. However, we think the penalty imposed was an abuse of discretion and excessive to the extent indicated herein (CPLR 7803, subd. [3]; *Matter of Domilpat Rest.* v. *New York State Liq. Auth.,* 35 A D 2d 536, affd. 28 N Y 2d 720). Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.